UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
NORMAN LANDRY,                     )
     Plaintiff,                    )
                                   )
     v.                            )   No. 1:25-CV-132-JJM-LDA
                                   )
PAWTUCKET POLICE                   )
DEPARTMENT                         )
AND DET. GAGNON,                   )
     Defendants.                   )
_____)

ORDER

The filing by the plaintiff of a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2) triggers a review by the Court of the Amended Complaint (ECF No. 5) to determine whether it states a plausible federal claim for relief. 28 U.S.C. § 1915(e). Norman Landry contends that during a search conducted pursuant to a warrant, Detective Gagnon of the Pawtucket Police seized a telephone that was not described in the warrant. Two cell phones were allegedly seized, although the warrant authorized the seizure of but one; a Galaxy A21 was one of the two seized and he seeks its return via a civil Complaint and a Motion under Fed. R. Crim. P. 41. A search conducted in accordance with a warrant is presumptively lawful. *United States v. Ferrer-Martell,* 218 F. Supp.3d 143, 151-52 (D.P.R. 2016) (affidavit supporting warrant presumptively valid). However, a warrant authorizes the seizure only of items described with particularity in the warrant itself. *United States v. Lindsey,* 3 F.4th 32, 40 (1st Cir. 2021). In this case, Mr. Landry contends that the

1

cellphone seized was not the one authorized by the warrant. However, he has not attached the warrant nor conveyed any facts that would make that claim plausible. All he has presented in the way of factual assertions is that the warrant authorized the seizure of a cellphone and that a cellphone was taken. There is thus no plausible claim of unlawfulness.

In addition, suing the Pawtucket Police and Det. Gagnon for damages is tantamount to suing the City of Pawtucket, and no plausible claim can be maintained that does not meet the pleading requirements of *Monell v. Dept. of Social Serv. of the City of N.Y.,* 436 U.S. 658, 694-95 (1978). The claims for damages against the City and against Det Gagnon in his official capacity are DISMISSED.

In light of the plaintiff's *pro se* status, and even though he has amended his Complaint once already as a matter of right, Fed. R. Civ. P. 15(a), the Court will extend him a period of 30 days from the date of this Order in which to file a Second Amended Complaint to adequately plead a violation of the Fourth Amendment to the Constitution of the United States. If no Second Amended Complaint is filed, or if one is filed but it does not cure the defect, the case will be dismissed. The Motion to Proceed *In Forma Pauperis* is deferred.

The plaintiff's invocation of Fed. R. Crim. P. 41 is another matter. The cell phone was seized by a municipal officer and is presumably in the custody of the Pawtucket Police Department. There is no federal prosecution alleged and no involvement by federal agents. There is some support for use of Fed. R. Crim. P. 41 to require return of property seized by non-federal officials, but only when the

property is in the actual or constructive custody of federal officials. *Clymore v. United States,* 164 F.3d 569, 561 (10th Cir. 1999) (superseded by the Civil Asset Reform Act of 2000, PL 106–185 (HR 1658). If the seizure here is found to have violated the federal Constitution as alleged, the Court's jurisdiction over the municipality would permit return of the cell phone without recourse to a Criminal Rule of Procedure that seems inappropriate outside the context of either a federal seizure or federal prosecution, particularly when the item is not in federal custody. If Mr. Landry presents a plausible claim of constitutional violation in a Second Amended Complaint, he may make the same argument for return in his civil action that he would make if Rule 41 were appropriate. Therefore, the Rule 41 Motion is DENIED.

Finally, the Court notes the consistent return of mail that is sent to the address the Mr. Landry has given the Court. LR Gen 205 requires every party to notify the Court of any change in address and the plaintiff is directed to provide to the Court a current mailing address if he has one.

SO ORDERED:

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.,
Chief Judge
United States District Court

May 12, 2025