# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| NORMAN J. LANDRY, JR., <br>     Plaintiff, <br><br>   v. <br><br> PAWTUCKET POLICE DEPARTMENT and DETECTIVE JONATHAN GAGNON, in their individual and official capacities, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 25-cv-132-JJM-PAS |

## ORDER

Plaintiff Norman Landry filed this suit against the Pawtucket Police Department and Detective Jonathan Gagnon, alleging a violation of his Fourth Amendment rights after he was subjected to a traffic stop and two cellphones were seized. After the Court's 28 U.S.C. § 1915 review, *see* ECF No. 10, the Fourth Amendment claim remains against Detective Gagnon. Before the Court are two motions: Mr. Landry moves to consolidate this case with another civil action he argues is related (ECF No. 25) and Detective Gagnon moves to dismiss Mr. Landry's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6). ECF No. 18. For the reasons stated below, the Court grants Detective Gagnon's motion and denies Mr. Landry's motion.

## I.    BACKGROUND

In April 2024, Mr. Landry called the East Providence Police Department and made threatening statements.[1]  *See* ECF No. 11-1 at 4.  Subsequently, Detective Gagnon got a warrant to arrest Mr. Landry for making crank or obscene telephone calls under R.I.G.L. § 11-35-17.  *See id.*  Detective Gagnon also sought and obtained an Extreme Risk Protection Order and search warrant.  *See* ECF No. 11-1.  The warrant permitted seizure of "any and all evidence including but not limited to ballistic evidence, firearms, ammunition, magazines, bullets, shell casings, etc." ECF No. 11 at 1.

Pawtucket Police Department (PPD) officers initiated a traffic stop and ultimately arrested Mr. Landry.  *Id.*  When executing the warrant, Detective Gagnon seized one cellphone from his person and another from the center console of a vehicle they believed to be Mr. Landry's residence.  *Id.*  Detective Gagnon seized the second cellphone believing that it was connected to the alleged obscene or harassing phone calls.  *Id.*  Mr. Landry alleges that the search warrant did not explicitly authorize seizure of any cellular phones or electronic devices and was based on false statements.  *Id.*  He alleges that he neither consented to the seizure nor was there probable cause or any valid exception.  *Id.*  He further alleges that the phones were not contraband

---

[1] Mr. Landry called East Providence Police Department stating that he was "fucking armed" and he would "never pull out on a cop… to shoot them" but that "if these private people try to harm me … they're dead… I'm going to kill them." "so if it happens that they are a cop…that's really not going to be my fault." *See* ECF No. 11-1 at 4.  This criminal matter remains pending in the Rhode Island Superior Court. *See* C.A. No P3-2024-1329A.3.

and had no connection to the alleged criminal conduct in the warrant. *Id.* He filed this suit, alleging that Detective Gagnon personally directed or executed the seizure acting with reckless disregard for his Fourth Amendment protections. *Id.* at 2.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss, the complaint must allege facts showing a facially plausible claim or relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly*, 550 U.S. at 569 n.14).

Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Dismissal of the complaint is appropriate when it fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotation marks omitted). Furthermore, conclusory allegations are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

## III.    DISCUSSION

### A.  Detective Gagnon's Motion to Dismiss[2]

Mr. Landry alleges that Detective Gagnon personally directed or executed the unconstitutional seizure, relied on a fabricated affidavit, and acted with reckless indifference to his rights.   ECF No. 11 at 2.   He further alleges that Detective Gagnon's conduct was objectively unreasonable.   *Id.*   Detective Gagnon moves to dismiss, arguing that the search warrant was facially valid and that neither the Amended Complaint nor its Exhibit B[3] allege facts to the contrary.   In response, Mr. Landry requests a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) to challenge the affidavit's alleged falsehoods.[4]   Detective Gagnon also moves to dismiss Mr. Landry's claim that the seizure of two cell phones violated his Fourth Amendment rights.   Because the Court finds that the warrant, search, and seizure were based on probable cause, Mr. Landry's Fourth Amendment claim fails.

---

[2] Mr. Landry asks the Court to convert this motion into a summary judgment motion because of references to challenged exhibits in the briefing.  Because the Court has determined that it need not consider any exhibits not incorporated into the complaint to rule here, the Court declines to decide this on a summary judgment standard.  The Court also denies as moot Mr. Landry's request for further discovery.

[3] This Exhibit is entitled "Detailed Summary of LIES within the warrant affidavit."

[4] The Court denies Mr. Landry's request for a *Franks* hearing because it only applies in criminal proceedings, not civil cases.  The *Franks* standard, however, may still be applied in civil cases to evaluate whether the complaint plausibly alleges that an officer knowingly or recklessly made false statements or omissions material to the finding of probable cause.

### 1.  The Warrant

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  With few exceptions, police officers must obtain a search warrant supported by probable cause demonstrated by truthful statements in an affidavit before effecting a search or seizure.  *United States v. Paneto*, 661 F.3d 709, 713 (1st Cir. 2011).  To prove a Fourth Amendment violation, a plaintiff must make the same showing required at a suppression hearing under *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).  Specifically, he must show that: (1) the warrant affidavit contained false statements made "knowingly and intentionally, or with reckless disregard for the truth," and (2) the statements must be "necessary to the finding of probable cause."  *Id.*  An omission of a material fact may also trigger this standard. *United States v. Silva*, 742 F.3d 1, 8 (1st Cir. 2014).

Mr. Landry has not plausibly alleged that the warrant affidavit was defective. He alleges that the search warrant omitted that: he was "committed to the psych ward at Rhode Island Hospital" and that he never directly accused PPD of stalking; an officer was advised via interdepartmental email to contact him "by Carrie Hormanski at the behest of Tina Goncalves;" and PPD had searched his vehicle, there was no reason to obtain a search warrant, and PPD was aware that the vehicle was his home.  He alleges that the warrant contained fabrications because: he "never became irate with the contacting officers, [he] exercised his rights and dismissed the officers… because he was not committing any crime;" he "actually reported to PPD

that day to acquire a permit to conceal and carry a firearm… [which] is why the application was on the front seat;" and he "never called the [East Providence Police Department] and claimed that he was armed." *See* ECF No. 11-2.

Mr. Landry's claim fails, however, because his conclusory allegations contain no facts showing that the information in the search warrant affidavit was false or made in a deliberate or reckless manner. "Recklessness may be inferred when omitted information was 'clearly critical' to assessing the legality of the search." *United States v. Vigeant*, 176 F.3d 565, 573 (1st Cir. 1999) (quoting *United States v. Reilly*, 76 F.3d 1271, 1280 (2d Cir. 1996)). Whether Mr. Landry was admitted to the hospital or his interactions with law enforcement was not "clearly critical to assessing the legality of the search." *Id.* And there is no factual basis for Mr. Landry's assertion that the warrant was based on an affidavit almost entirely composed of lies. In fact, the Court finds that the affidavit contained enough information, including Mr. Landry's own admissions and behavior, which led police to conclude that he was a threat to public safety. He has not demonstrated any deliberate falsehoods or reckless disregard for the truth necessary to invalidate the warrant under the *Franks* standard. Therefore, the Court finds that the information in the affidavit was sufficient to establish legal probable cause to arrest Mr. Landry on the warrant.

### 2. The Seizure

Detective Gagnon also moves to dismiss Mr. Landry's claim that PPD unconstitutionally seized two cellphones – one taken from his person during execution of an arrest warrant for making crank and obscene phone calls and the

other from his car during the execution of the search warrant on the same charges. He argues that, although he did not have a search warrant for the first seizure, the seizure qualifies for an exception because it was a search incident to a lawful arrest. As to the second seizure, Detective Gagnon points out that the scope of the warrant did include seizure of firearms and he was authorized to search all areas of the car for a firearm, including the center console where he found the second cell phone.

The Court finds that Mr. Landry's complaint fails to state a claim for unlawful seizure. While Detective Gagnon did not have a warrant for the first seizure during Mr. Landry's arrest, among the exceptions to the warrant requirement is a search incident to a lawful arrest. *See Weeks v. United States*, 232 U.S. 383, 392 (1914). His arrest was executed under a valid arrest warrant so was lawful. In the event of a lawful arrest, "police may search both the arrestee and the area within his immediate control for contraband and evidence of the crime." *United States v. Montalvo*, C.A. No. 119-cv-134-MSM-LDA, 2023 WL 183662, at *3 (D.R.I. Jan. 13, 2023) (citing *Arizona v. Gant*, 556 U.S. 332, 343 (2009); *Chimel v. California*, 395 U.S. 752, 762-763 (1969) ("it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction".).

In this case, where Mr. Landry was arrested for making obscene and crank phone calls, it was reasonable for police to take the phone from his person upon his arrest as evidence of that crime. *Montalvo*, 2023 WL 183662, at *3 (citing *United States v. Olivera,* Cr. No. 21-12 (DRD), 2022 WL 3334607, at *9 (D.P.R. Aug. 12,

2022)).  His allegations as to the second seizure from his car also fail.  First, he was arrested in his car, an "area within his immediate control," so the Court finds that even the second cell phone would come under the search incident to arrest exception. Additionally, the warrant did allow a search for firearms so it is reasonable that an officer would search the places in the car where firearms could be stored, including the center console where he ultimately found the cell phone.  And because the cell phone is an instrumentality of the crime for which he was arrested, Detective Gagnon was authorized to seize that evidence "to prevent its concealment or destruction." *Chimel*, 395 U.S. at 763.  Because Mr. Landry's Fourth Amendment violation allegations as to these two seizures fail to state a claim, the Court grants Detective Gagnon's Motion to Dismiss.  ECF No. 18.

### B.  Mr. Landry's Motion to Consolidate

Mr. Landry also moves to consolidate this case with a case[5] he believes is related under Fed. R. Civ. P. 42(a).  ECF No. 25.  Because the Court's Order here dismisses this case, there is nothing to consolidate; therefore, the Court denies his motion as moot.

---

[5] Mr. Landry seeks to consolidate the instant action with C.A. No. 25-cv-131. Mr. Landry states that both cases arise from Detective Gagnon's vendetta against him.  In that case, he alleges a civil conspiracy under 42 U.S.C. §§ 241-242 to harass and discredit him and seeks to challenge unlawful psychiatric detentions and an illegal phone seizure based on false claims.  Even if the Court did not dismiss this case, consolidation is not appropriate because no common issues of fact or law exist and the sole connection between the two cases is Detective Gagnon's involvement.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Detective Gagnon's Motion to Dismiss (ECF No. 18) and DENIES AS MOOT Mr. Landry's Motion to Consolidate (ECF No. 25).  Judgment shall enter for the Defendants.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief United States District Judge

November 5, 2025